Filed 6/4/21  P. v. Arenas CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074088 |
| v. | (Super.Ct.No. RIF1103487) |
| CESAR SAUL ARENAS et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant Cesar Saul Arenas.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant Eddie Gudino.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

Defendants and appellants Cesar Saul Arenas and Eddie Gudino pleaded guilty to attempted murder in 2011. In 2019, defendants petitioned the superior court to vacate their attempted murder convictions pursuant to Penal Code[1] section 1170.95, a resentencing statute enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.). In a nutshell, that bill limited the offense of murder under the felony-murder rule to defendants who: (1) are the actual killer; (2) are not the actual killer, but who share the killer's intent to kill, and aid and abet in the killing; or (3) are a major participant in a felony and who act with reckless indifference to human life; and it eliminated the offense of murder under the natural and probable consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 846, 848.) The superior court granted the People's motions to dismiss defendants' petitions because section 1170.95 does not apply to the offense of *attempted* murder.

On appeal, defendants argue the reforms enacted by Senate Bill No. 1437 should necessarily apply to the offense of attempted murder under the natural and probable consequences doctrine because that offense is a lesser included offense of a completed murder under the natural and probable consequences doctrine. And, they contend withholding the remedial effect of Senate Bill No. 1437 to attempted murderers violated the equal protection clauses of the federal and California constitutions.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

Like every other court to address that question in a published decision, this court has soundly rejected defendants' arguments. Therefore, we affirm the dismissal of their petitions.

## I.

## PROCEDURAL BACKGROUND

In 2011, the People filed a felony complaint charging defendants with two counts of premeditated attempted murder and various additional offenses and sentencing allegations. As part of plea agreements with the prosecutor, defendants each pleaded guilty to one count of attempted murder without premeditation (§§ 187, subd. (a), 664, subd. (a), count 1), and to one count of actively participating in a criminal street gang (§ 186.22, subd. (a), count 9); and they both admitted the sentencing allegation that the attempted murder alleged in count 1 was committed with the specific intent to promote, further, and assist in the criminal activity of a criminal street gang (§ 186.22, subd. (a)). In addition, Gudino admitted the sentencing allegations that he personally and intentionally discharged a firearm and caused great bodily injury or death during the commission of the attempted murder alleged in count 1 (§§ 12022.53, subd. (d), 1192.7, subd. (c)(8)), and he admitted to having suffered one prior prison term (§ 667.5, subd. (b)).

The trial court sentenced Gudino on count 1 to state prison for the upper term of nine years; 10 years each for the gang and firearm enhancements, to be served consecutively with count 1; two years for count 9, to be served concurrently with count 1; and one year for the prison prior, for a total determinate term of 30 years. The court

sentenced Arenas to state prison for the low term of five years on count 1; 10 years for the gang enhancement, to be served consecutively to with count 1; and two years for count 9, to be served concurrently with count 1, for a total determinate term of 15 years. At the prosecutor's request, the court dismissed, in the interest of justice, the remaining counts and sentencing allegations in the complaint. (§ 1385.)

Gudino timely appealed, but this court affirmed the judgment when his attorney filed a brief pursuant to *Anders v. California* (1967) 386 U.S. 738 and *People v. Wende* (1979) 25 Cal.3d 436, indicating he found no arguable issues of reversible error. (*People v. Gudino* (Sept. 20, 2012, E055749) [nonpub. opn.].) Arenas did not appeal.

Effective January 1, 2019, Senate Bill No. 1437 amended sections 188 and 189 (Stats. 2018, ch. 1015, §§ 2, 3) to limit the application of the felony-murder rule to persons who: (1) are the actual killer; (2) are not the actual killer, but who share the killer's intent to kill, and aid and abet in the killing; or (3) are a major participant in a felony and who act with reckless indifference to human life; and it eliminated the offense of murder under the natural and probable consequences doctrine. (§§ 188, subd. (a)(3), 189, subd. (e)(1)-(3); *People v. Gentile*, *supra*, 10 Cal.5th at pp. 846, 848.) In addition, Senate Bill No. 1437 enacted section 1170.95 (Stats. 2018, ch. 1015, § 4), which permits persons previously convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine, but who could not be so convicted after the amendments to sections 188 and 189 made by Senate Bill No. 1437, to petition the superior court to vacate their murder convictions and to resentence them on any remaining counts.

On March 22 and April 5, 2019, respectively, Gudino and Arenas filed petitions for resentencing pursuant to section 1170.95. Notwithstanding the fact the People had charged them with *attempted* premeditated murder, and they had pleaded guilty to *attempted* murder without premeditation, using a check-box form, defendants alleged they had been charged with and pleaded guilty to first or second degree murder under the felony-murder rule or under the natural and probable consequences doctrine, but that they could no longer be convicted of murder under either theory.

The district attorney filed oppositions requesting the superior court strike or deny the petitions on the ground Senate Bill No. 1437 was unconstitutional. In the alternative, the district attorney argued the superior court should summarily deny the petitions because defendants pleaded guilty to attempted murder and, therefore, they are not eligible for relief under section 1170.95.

The superior court appointed counsel for defendants. Their attorneys filed oppositions to the district attorney's motions to strike, arguing Senate Bill No. 1437 is constitutional. The attorneys did not address the district attorney's alternative argument that defendants are ineligible for relief under section 1170.95.

At a hearing on the petitions, the district attorney orally moved to dismiss Arenas's petition "because it does not involve murder. It's only attempted murder." The superior court noted that two appellate courts had recently held "attempted murder does not fall within the provisions of [section] 1170.95," and "both of them have dealt with the constitutionality of that." Because the superior court believed it was "obliged to follow" those decisions, the court indicated it was inclined to grant the prosecutor's motion to

5

dismiss. Counsel for Arenas objected for the record, and the court dismissed the petition. Later, at the same hearing, the superior court granted the district attorney's motion to dismiss Gudino's petition for the same reason.**²**

II.

DISCUSSION

Defendants argue section 1170.95 applies to the offense of attempted murder under the natural and probable consequences doctrine, and that excluding that offense would violate the equal protection clauses of the federal and California constitutions. This court has recently rejected those same arguments in published decisions. (*People v. Sanchez* (2020) 48 Cal.App.5th 914, 917; *People v. Harris* (2021) 60 Cal.App.5th 557, 569, review granted April 21, 2021, S267529.)

Section 1170.95, subdivision (a), provides: "A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's *murder conviction* vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of *first*

---

**²** The superior court did not rule on the constitutionality of Senate Bill No. 1437. Like every other appellate court to address that issue in a published decision, this court has since rejected the same constitutional arguments made by the prosecutor in this case. (*People v. Johns* (2020) 50 Cal.App.5th 46; *People v. Lippert* (2020) 53 Cal.App.5th 304.) There is no dispute on appeal that the bill *is* constitutional, so we need not address the issue further.

*degree or second degree murder* following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (Italics added.) Inter alia, the petition must be supported by a declaration stating the defendant "is eligible for relief . . . based on all the requirements of subdivision (a)." (§ 1170.95, subd. (b)(1)(A).)

The courts have teased out of the language of section 1170.95 three distinct stages of review a superior court must conduct before it may issue an order to show cause and conduct an evidentiary hearing on the petition. At the first stage, the court must review the "facial sufficiency of the petition" to determine whether it includes all the information required by section 1170.95, subdivision (b)(1); and, if the court finds the petition is lacking, subdivision (b)(2) provides that the court may deny the petition without prejudice to the defendant filing a new one. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 327-328, review granted Mar. 18, 2020, S260493.) "Subdivision (c) [of section 1170.95] then prescribes two additional court reviews before an order to show cause may issue, one made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that is, that the petitioner may be eligible for relief—and a second after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo*, at p. 328.)

This appeal concerns the first prima facie review stage under section 1170.95, subdivision (c), whether defendants have "made a prima facie showing" that they "fall[]

within the provisions" of that section. The plain language of section 1170.95 demonstrates it applies solely to the offenses of first and second degree murder under the felony-murder rule and natural and probable consequences doctrine. It does not apply to the offense of *attempted* murder.

As this court held: "Senate Bill 1437 narrowed the scope of liability for first and second degree murder by altering the doctrines that had allowed convictions for those offenses in the absence of malice. Effective January 1, 2019, Senate Bill 1437 made that change by amending sections 188 and 189 to restrict the scope of first degree felony murder and to eliminate murder liability based on the natural and probable consequences doctrine." (*People v. Sanchez*, *supra*, 48 Cal.App.5th at p. 917.) "The Legislature also added section 1170.95 to the Penal Code. That provision creates a procedure for offenders previously convicted of felony murder or murder under a natural and probable consequences theory to obtain the benefits of these changes retrospectively. If the petitioner makes a prima facie showing of entitlement to relief under section 1170.95, subdivision (a), the petitioner is entitled to receive 'a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not been previously . . . sentenced.'" (*Ibid.*) "By its plain language, section 1170.95 . . . makes resentencing relief available only to qualifying persons convicted of murder." (*Id.* at p. 918.) This court recently reiterated those conclusions in *People v. Harris*, *supra*, 60 Cal.App.5th at p. 569.

Likewise, every other court to address that question has also held that section 1170.95 applies solely to first and second degree murder convictions under the felony-murder rule and the natural and probable consequences doctrine, and it does not provide retroactive relief to defendants with final convictions for *attempted* murder. (*People v. Love* (2020) 55 Cal.App.5th 273, 286, review granted Dec. 16, 2020, S265445; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 223; *People v. Dennis* (2020) 47 Cal.App.5th 838, 841, review granted July 29, 2020, S262184; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1018, review granted Mar. 11, 2020, S259948 (*Medrano*); *People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983 (*Larios*); *People v. Munoz* (2019) 39 Cal.App.5th 738, 753, review granted Nov. 26, 2019, S258234; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1105, review granted Nov. 13, 2019, S258175.)

We do note that three courts have held Senate Bill No. 1437 does apply to persons convicted of attempted murder but only on direct appeal from the judgment. "[W]e conclude Senate Bill 1437 precludes any imposition of vicarious liability under the natural and probable consequences doctrine if the charged offense requires malice aforethought. Because malice cannot be imputed to a defendant who aids and abets a target offense without the intent to kill, the natural and probable consequences doctrine is no longer a viable theory of accomplice liability for attempted murder." (*Medrano*, *supra*, 42 Cal.App.5th at p. 1013; accord, *Larios*, *supra*, 42 Cal.App.5th at p. 968 ["Senate Bill 1437's abrogation of the natural and probable consequences doctrine as stated in section 188, subdivision (a)(3) necessarily applies to attempted murder."];

9

*People v. Sanchez* (2020) 46 Cal.App.5th 637, 644, review granted June 10, 2020, S261768 ["[W]e conclude Senate Bill No. 1437 abrogates the natural and probable consequences doctrine in attempted murder prosecutions."].)  However, "the section 1170.95 petitioning procedure does not apply to defendants for their convictions of attempted murder . . . ." (*Medrano*, at p. 1008; accord *Larios*, at p. 961 ["[S]ection 1170.95 provides no relief for the crime of attempted murder."]; *People v. Sanchez*, *supra*, 46 Cal.App.5th at p. 644 [The conclusion that "Senate Bill No. 1437 abrogates the natural and probable consequences doctrine in attempted murder prosecutions . . . applies retroactively on direct appeal."])  Therefore, even if we were to assume Senate Bill No. 1437 applies to convictions for attempted murder on direct appeal, the petitioning and resentencing procedures of section 1170.95 applicable to final judgments do not. Therefore, because defendants' appeal is from the denial of their section 1170.95 petitions and not from the judgments, they are not entitled to relief under that section.

Similarly, this court has rejected the assertion made by defendants that excluding defendants convicted of attempted murder from relief under section 1170.95 violates the equal protection clauses.  "As we explained in *Sanchez*, *supra*, 48 Cal.App.5th at page 921, 'the Legislature could have reasonably concluded "that the punishment for voluntary manslaughter was appropriate, but the punishment for murder based on the [natural and probable consequences theory] could be excessive and reform was needed only there."' This same analysis applies to punishment for attempted murder, which also carries a lighter punishment than murder.  [Citation.]  Given that the punishment for murder is much more severe than the punishment for voluntary manslaughter or attempted murder,

10

'the Legislature could have reasonably concluded that the need to address sentencing reform was more appropriately directed at persons convicted of murder as opposed to attempted murder' or voluntary manslaughter. [Citations.] The Legislature thus could have reasonably chosen to apply its 'ameliorative reforms to those instances where it perceived the disconnect between culpability and punishment to be most glaring.' [Citations.] ""'The Legislature is responsible for determining which class of crimes deserves certain punishments and which crimes should be distinguished from others. As long as the Legislature acts rationally, such determinations should not be disturbed.'"" [Citation.] Even assuming that the same grounds that support providing resentencing relief to convicted murderers under a qualifying theory would support providing relief to other categories of offenders as well, the Legislature is not required to reform an entire area of law at once. [Citation.] The Legislature instead may choose to make incremental steps toward reformation by choosing first to address the problem it has deemed most acute. [Citations.] Again, we will not disturb that choice so long as there is a rational relationship because the distinction and some legitimate governmental purpose." (*People v. Harris*, *supra*, 60 Cal.App.5th at pp. 570-571.)

Because section 1170.95 does not apply to the offense of attempted murder, and the exclusion of that offense does not violate equal protection, the superior court correctly dismissed defendants' petitions.

11

III.

DISPOSITION

The orders dismissing defendants' petitions are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____<br>J.

We concur:


RAMIREZ _____
    P. J.


MILLER _____
    J.